IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

TAMMY L. GUILLORY                                                                                PLAINTIFF

vs.                                         Civil No. 2:14-cv-02221

CAROLYN COLVIN                                                                                  DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Tammy Guillory ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Benefits ("DIB") and a period fo disability under Title II of the Act. The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 5.[1] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1. Background:**

Plaintiff protectively filed her disability application on April 3, 2012. (Tr. 10, 132-133). Plaintiff alleged she was disabled due to depression, migraines, asthma, obesity, and back and neck pain. (Tr. 167). Plaintiff alleged an onset date of November 13, 2011 which was amended at her hearing to May 15, 2011. (Tr. 10, 167). This application was denied initially and again upon reconsideration. (Tr. 10, 82-84, 91-92).

Plaintiff then requested an administrative hearing on her application. (Tr. 89-90). This

---

[1] The docket numbers for this case are referenced by the designation "ECF. No." The transcript pages for this case are referenced by the designation "Tr."

hearing was held on April 15, 2013. (Tr. 29-77). Plaintiff was present and was represented by counsel, David Harp, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Myrtle Johnson, testified at this hearing. *Id.* On the date of this hearing, Plaintiff was forty (40) years old, which is defined as a "younger person" under 20 C.F.R. §§ 404.1563(c), 416.963(c) (2008). (Tr. 33-34). The Plaintiff testified she graduated high school and had one year of college. *Id.*

On September 6, 2013, the Administrative Law Judge ("ALJ") entered an unfavorable decision denying Plaintiff's application for DIB. (Tr. 10-23). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2016. (Tr. 12, Finding 1). The ALJ also found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since May 15, 2011, her alleged onset date. (Tr. 12, Finding 2).

The ALJ determined Plaintiff had the following severe impairments: morbid obesity, migraines, asthma, osteoarthritis of the right knee, right calcaneal spur, umbilical/ventral hernia with history of hernia surgery, dysthymia, eating disorder, and passive dependent personality traits. (Tr. 12, Finding 3). The ALJ also determined Plaintiff's impairments or combination of impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined her RFC. (Tr. 15-22). First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not totally credible. *Id.* Second, the ALJ determined, based upon a review of Plaintiff's subjective complaints, the hearing testimony, and the evidence in the record, the Plaintiff retained the RFC to perform sedentary work, except she could only occasionally balance and stoop, but could not climb, kneel, crouch, or crawl; needed to avoid concentrated exposure to temperature

extremes, humidity, fumes, odors, dusts, gasses, and poor ventilation; and could perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables, and little use of judgment, and the supervision required is simple, direct, and concrete. (Tr. 15-16, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 22, Finding 6). The ALJ determined Plaintiff was unable to perform any past relevant work. *Id.* The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform. (Tr. 22-23, Finding 10). The vocational expert ("VE") testified at the administrative hearing regarding this issue. (Tr. 71-72). Based upon the VE's testimony, the ALJ determined Plaintiff retained the ability to perform other work such as jewelry repair with 4,490 such jobs in the region and 235,910 such jobs in the nation and as a document preparer with 25, 060 such jobs in the region and 2,828,140 such jobs in the nation. (Tr. 23). The ALJ then determined Plaintiff had not been under a "disability," as defined by the Act, from May 15, 2011, through the date of the decision. (Tr. 23, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's decision. (Tr. 6). On September 12, 2014, the Appeals Council declined to review this decision. (Tr. 1-3). On October 20, 2014, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on October 21, 2014. ECF No. 5. Both Parties have filed appeal briefs. ECF Nos. 11, 12. This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g)

(2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record supporting the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. Discussion:

In her appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 11. Specifically, Plaintiff claims the ALJ erred: (1) in failing to evaluate the severity of Plaintiff's impairments, (2) in the RFC determination, and (3) in the Step 5 analysis. ECF No. 11, Pg. 8-13. In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 12.

#### A. Severe Impairments

A "severe impairment is defined as one which 'significantly limits [the claimant's] physical or mental ability to do basic work activities.'" *Pelkey v. Barnhart*, 433 F.3d 575, 577 (8th Cir. 2006) (*quoting* 20 C.F.R. § 416.920(c)). An impairment or combination of impairments is not severe when medical and other evidence establish only a slight abnormality or a combination of slight abnormalities that would have no more than a minimal effect on an individual's ability to work. 20 C.F.R. § 416.921. Alleged impairments may not be considered severe when they are stabilized by

5

treatment and otherwise are generally unsupported by the medical record. *Johnston v. Apfel*, 210 F.3d 870, 875 (8th Cir. 2000); *see also Mittlestedt v. Apfel*, 204 F.3d 847, 852 (8th Cir. 2000) (plaintiff bears the burden to establish severe impairments at Step Two of the sequential evaluation).

Plaintiff claims the ALJ erred in failing to evaluate the severity of Plaintiff's impairments, specifically he did not find her neck, back, and hip pain to be severe impairments. ECF No. 11, Pg. 8. The Court finds the ALJ did not fail to evaluate the severity of Plaintiff's remaining medically determinable impairments, but rather found the impairments to be nonsevere.

To begin with, pain is a symptom, not an impairment. *See* 20 C.F.R. § 404.1529(a), *see also In re Heckler*, 751 F.2d 954, 955 n.1 (8th Cir. 1984) (noting that "pain is a symptom, not an impairment"). Furthermore, there is evidence in the decision showing the ALJ fully considered her neck, back, and hip pain. The ALJ noted CT scans and x-rays examinations revealed unremarkable results of Plaintiff's hip and lumbar spine, and her cervical spine had only mild levoscoliosis, with no acute fracture of dislocation. (Tr. 17). The ALJ also noted Plaintiff only took over-the-counter medications for her pain, which does not support allegations of having a severe impairment due to neck, back, and hip problems. (Tr. 18).

The discussion of Plaintiff's non-severe impairments along with the ALJ's language indicating that he fully considered all impairments, including those that were not severe, showed the ALJ considered the combined effect of Plaintiff's impairments. *See Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011); *Raney v. Barnhart*, 396 F.3d 1007, 1011 (8th Cir. 2005). The ALJ accounted for Plaintiff's severe and nonsevere impairments and reduced her RFC to a limited range of sedentary work. (Tr. 15-16, Finding 5).

Based on the foregoing, the Court finds there is substantial evidence to support the ALJ

finding he properly evaluated the severity of the Plaintiff's impairments and accounted for any limitations due to such impairments in assessing the RFC.

### B. RFC Determination

Prior to Step Four of the sequential analysis in a disability determination, the ALJ is required to determine a claimant's RFC. *See* 20 C.F.R. § 404.1520(a)(4)(iv). This RFC determination must be based on medical evidence that addresses the claimant's ability to function in the workplace. *See Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004). The ALJ should consider "'all the evidence in the record' in determining the RFC, including 'the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Stormo v. Barnhart,* 377 F.3d 801, 807 (8th Cir. 2004) (quoting *Krogmeier v. Barnhart,* 294 F.3d 1019 (8th Cir. 2002)). The Plaintiff has the burden of producing documents and evidence to support his or her claimed RFC. *See Cox*, 160 F.3d at 1206; 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

The ALJ, however, bears the primary responsibility for making the RFC determination and for ensuring there is "some medical evidence" regarding the claimant's "ability to function in the workplace" that supports the RFC determination. *Lauer v. Apfel,* 245 F.3d 700, 703-04 (8th Cir. 2001). Furthermore, this Court is required to affirm the ALJ's RFC determination if that determination is supported by substantial evidence on the record as a whole. *See McKinney v. Apfel,* 228 F.3d 860, 862 (8th Cir. 2000).

In this matter, the ALJ determined Plaintiff retained the RFC to perform sedentary work, except she could only occasionally balance and stoop, but could not climb, kneel, crouch, or crawl; needed to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gasses, and poor ventilation; and could perform work where interpersonal contact is incidental to the

work performed, the complexity of tasks is learned and performed by rote, with few variables, and little use of judgment, and the supervision required is simple, direct, and concrete. (Tr. 15-16, Finding 5). Plaintiff argues the ALJ erred in this RFC determination because it is inconsistent with medical record. ECF No. 11, Pgs. 9-12. However, substantial evidence supports the ALJ's RFC determination.

On February 5, 2011, Plaintiff was seen at Sparks Regional Medical Center after a motor vehicle accident. (Tr. 351-355). Treatment records show Plaintiff's pain was mild, and diagnostic examinations and a physical examination of her pelvis, back, arms and legs revealed normal results with no abnormalities. (Tr. 352). Plaintiff was diagnosed with a cervical and lumbar strain, and given a prescription for pain medication. *Id.*

On May 16, 2012, Dr. Chester Carlson, performed a general physical examination of Plaintiff. (Tr. 241-245). Dr. Carlson indicated Plaintiff had a normal range of motion of her shoulders, elbows, wrists, hands, ankles, and cervical and lumbar spines, and mild limitation of her hips and knees due to obesity. (Tr. 243). Plaintiff had no muscle spasms, joint deformities, sensory abnormalities, muscle weakness, or muscle atrophy, and had normal hand dexterity, normal grip strength; could walk on heel and toes, but could not squat and arise from a squatting position. (Tr. 244). Plaintiff was diagnosed with morbid obesity, asthma, migraines and depression. (Tr. 245).

On July 16, 2012, Dr. Jerry Thomas prepared a Physical RFC Assessment on Plaintiff. (Tr. 278-285). Dr. Thomas indicated Plaintiff had the RFC to lift or carry twenty pounds occasionally and ten pounds frequently; to stand and walk for about six hours in an eight-hour workday; to sit for about six hours in an eight-hour workday; and to push and pull without limitations, other than as assessed for lifting and carrying. (Tr. 279). Dr. Thomas also indicated Plaintiff had no postural,

manipulative, visual, communicative, or environmental limitations. (Tr. 280-285).

Additionally, Plaintiff's treatment records show she had no impairment that required pain medications. Plaintiff's treatment was primarily conservative and often it was reported she was taking no medications. (Tr. 297, 320, 350, 352, 368).

Plaintiff also argues the ALJ erred in his Mental RFC assessment. ECF No. 11, Pgs. 10-12. To begin with, the ALJ noted Plaintiff presented no evidence showing she had ever received either inpatient or outpatient mental health care, other than her allegation she had previously been prescribed Zoloft. (Tr. 20). As a result of the limited medical regarding a claim of depression, a mental diagnostic evaluation of Plaintiff was done on June 7, 2012 by Dr. Patricia Walz. (Tr. 246-250). Plaintiff was diagnosed with dysthymia, eating disorder, and passive dependent traits. (Tr. 249). Dr. Walz also found Plaintiff's daily activities were essentially normal; her capacity to communicate and interact in a socially adequate manner was fair; her capacity to communicate in intelligible and effective manner was normal; cognitively, she would have difficulty with concept tasks; her attention and concentration were fair; she appeared to have poor frustration tolerance; and her speed of information processing was slow at times. (Tr. 249-250).

On July 13, 2012, Dr. Abesie Kelly completed a Psychiatric Review Technique Form on Plaintiff where she diagnosed her with dysthymia and an eating disorder. (Tr. 264-277). Dr. Kelly also completed a Mental RFC Assessment. (Tr. 260-263). Dr. Kelly reviewed Plaintiff's mental functional capacity and found she was able to perform work where interpersonal contact is incidental to work performed, e.g. assembly work; complexity of tasks is learned and performed by rote, few variables, little judgment; and supervision required is simple, direct and concrete. (Tr. 262).

As shown by the above medical evidence, substantial evidence supports the ALJ's RFC

determination. Plaintiff has the burden of establishing her claimed RFC. *See Goff v. Barnhart,* 421 F.3d 785, 790 (8th Cir. 2005) (quoting *Eichelberger v. Barnhart,* 390 F.3d 584, 590 (8th Cir. 2004)). Because Plaintiff has not met this burden in this case and because the ALJ's RFC determination is supported by sufficient medical evidence, this Court finds the ALJ's RFC determination should be affirmed.

### C. Step 5 Determination

At Step Five of a disability determination, the SSA has the burden of establishing that a claimant retains the ability to perform other work in the economy. *See Snead v. Barnhart*, 360 F.3d 838, 836 (8th Cir. 2004). The SSA may meet this burden by either applying the Grids or by relying upon the testimony of a VE. *See Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2004) (finding the SSA's denial of benefits was supported by substantial evidence where the VE's testimony was based on a correctly-phrased hypothetical question); *Patrick v. Barnhart*, 323 F.3d 592, 596 (8th Cir. 2003) (finding the SSA's denial of benefits was supported by substantial evidence where the ALJ applied the Grids).

The SSA may not apply the Grids, and must hear testimony from a VE, where a claimant's RFC is significantly diminished by a nonexertional limitation. *See McGeorge v. Barnhart*, 321 F.3d 766, 768-769 (8th Cir. 2003). If, however, the SSA properly determines a claimant's RFC is not significantly diminished by a nonexertional limitation, then the SSA may rely exclusively upon the Grids and is not required to hear the testimony from a VE. *See McGeorge*, 321 F.3d at 768-769.

In this matter, the ALJ heard testimony from a VE regarding Plaintiff's ability to perform work in the national economy. It is generally accepted that VE testimony, in response to a hypothetical question, is substantial evidence if the hypothetical sets forth the credible impairments with reasonable

10

precision. *See Starr v. Sullivan*, 981 F.2d 1006 (8th Cir. 1992). It has further been established the ALJ must only include in the hypothetical those impairments which the ALJ actually finds credible, and not those which he rejects, assuming his findings are supported by substantial evidence. *See Onstad v. Shalala*, 999 F.2d 1232 (8th Cir. 1993).

The ALJ found Plaintiff had the RFC to perform sedentary work, except she could only occasionally balance and stoop, but could not climb, kneel, crouch, or crawl; needed to avoid concentrated exposure to temperature extremes, humidity, fumes, odors, dusts, gasses, and poor ventilation; and could perform work where interpersonal contact is incidental to the work performed, the complexity of tasks is learned and performed by rote, with few variables, and little use of judgment, and the supervision required is simple, direct, and concrete. (Tr. 15-16, Finding 5). In response to a hypothetical question containing these limitations, the VE testified work existed in the national economy consistent with the limitations found by the ALJ. (Tr. 71-72). The ALJ found a significant number of jobs existed in the national economy which Plaintiff could perform. (Tr. 22, Finding 10). Relying on the VE testimony, the ALJ found Plaintiff was not under a disability as defined by the Act. (Tr. 23, Finding 11).

I find the ALJ's hypothetical question properly set forth those limitations the ALJ found credible and which are supported by the evidence of record. *See Haynes v. Shalala*, 26 F.3d 812, 815 (8th Cir. 1994); *Rappoport v. Sullivan*, 942 F.2d 1320, 1322 (8th Cir. 1991) (ALJ need only include in his hypothetical question those impairments he accepts as true). The VE stated jobs existed in both the national and regional economy for the vocational profile of the Plaintiff. Such testimony, based on a hypothetical question consistent with the record, provided substantial evidence.

**4. Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 2nd day of July 2015.**

>  /s/   Barry A. Bryant
>  HON. BARRY A. BRYANT
>  U. S. MAGISTRATE JUDGE